FILED
U.S. District Court
District of Kansas

AUG 15 2023

Clerk, U.S. District Court
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Lauryn Elizabeth Allen )
(Enter above the full name of the Plaintiff(s)) )
)
vs. )  Case Number  6:23-CV-1166-DDC-GEB
)
Saint francic ministries )
Name )
4155 E. Harry St. )
Street and number )
Wichita    KS    67218 )
City    State    ZipCode )

(Enter above the full name and address of the
Defendant in this action - list the name and
address of any additional defendants on the back
side of this sheet).

## CIVIL COMPLAINT

I. Parties to this civil action:

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any, on the back side of this sheet).

A. Name of plaintiff  Lauryn Elizabeth Allen
   Address 1424 E. Sunset Ct, Goddard KS 67052

1

(In item B below, write the full name of the defendant in the first blank. In the second blank, write the official position of the defendant. Use item C for the names and positions of any additional defendants).

B.  Defendant_____is

employed at _____

_____

C.  Additional Defendants _Department of Children and family_

_Services_____

_2601 S. Oliver St. Wichita, Ks 67210_____

II.  Jurisdiction:

(Complete one or more of the following subparagraphs, A., B.1, B.2., or B.3., whichever is applicable.)

A.  (If Applicable) Diversity of citizenship and amount:
1.  Plaintiff is a citizen of the State of _____.
2.  The first-named defendant above is either
    a.  a citizen of the State of _____; or
    b.  a corporation incorporated under the laws of the State of _____ and having its principal place of business in a State other than the State of which plaintiff is a citizen.

3. The second-named defendant above is either
    a.  a citizen of the State of _____; or
    b.  a corporation incorporated under the laws of the State of _____ and having its principal place of business in a State other than the State of which plaintiff is a citizen.

(If there are more than two defendants, set forth the foregoing information for each additional defendant on a separate page and attach it to this complaint.)
Plaintiff states that the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

  B. (If applicable) Jurisdiction founded on grounds other than diversity (Check any of the following which apply to this case).

   ☐ 1. This case arises under the following section of the Constitution of the United States or statute of the United States (28 U.S.C. §1331): Constitution, Article____, Section____; Statute, US Code, Title____, Section____.

   ☑ 2. This case arises because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. §1343).

   ☐ 3. Other grounds (specify and state any statute which gives rise to such grounds):

_____

_____

_____

III. Statement of Claim:

(State here a short and plain statement of the claim showing that plaintiff is entitled to relief. State what each defendant did that violated the right(s) of the plaintiff, including dates and places of such conduct by the defendant(s). Do not set forth legal arguments. If you intend to allege more than one claim, number and set forth each claim in a separate paragraph. Attach an additional sheet, if necessary, to set forth a short and plain statement of the claim[s].)

1. The Alienation of my children, On September fourteenth of twenty-twenty-two visitations were halted by my former case manager, Lisa Moser due to her needing to do her research on my case. Two weeks went by and she proceeded to tell me that my visitations were suspended due to my children's heart rates being elevated. Please see additional pages for the rest of the Statement of Claim

IV. Relief:

(State briefly exactly what judgement or relief you want from the Court. Do not make legal arguments.)

3

Continuation of the statement of claim:

1. The Alienation of my children, On September 14th of 2022 visitations with my children were halted due to my former Case Manager, Lisa Moser, who stated she needed to do research on my case. Approximately two weeks later when I asked her if she was done doing her research, she informed me that the visitations with my children were suspended due to my children's heart rates being elevated. Their heart rates are being monitored by Fitbit watches and logged by the placement, Flossie Alexander. From September 7th of 2022 until May 17th of 2023, I did not see my children, and have had little to no updates about their well-being. I asked for updates and pictures of my children with little to no response.

2. My former case manager, Lisa Moser informed me via text message in November of 2022 that I had a substantiated case in the state of Oklahoma and proceeded to tell me that I had charges of physical abuse, and emotional abuse. I informed her that I had zero charges and that my allegations were for emotional abuse. I contacted DHS for the state of Oklahoma and spoke with a worker by the name of Troy Aebi. I sent Mr. Aebi my identification and he looked up all cases for me in the State of Oklahoma and was informed that there was only one case and that it was unsubstantiated. I had Mr. Aebi email me the supporting documentation and forwarded it to my former attorney, Desiree Smith with Joseph Hollender and Craft. On February 17th of 2022 my former attorney, Desiree Smith attempted to bring up the alleged substantiated case and was shut down by the court Liaison, Nash Stewart. Mr. Stewart stated he put it in the system himself.

3. My eldest two children, N███████ and E████ C█████, have had surgeries, two of which I had zero knowledge of until after the operation was done. My son E████ C█████ had a tubal litigation done. I was aware of the surgery, but they conducted the surgery without my consent. When I asked my previous family support worker, Leah Jacobs, why I am not being informed of important medical appointments and procedures I got zero response.

4. My current visitation schedule is once a week for fifteen minutes via zoom. My daughter's ████████████ and ████████████ have stated some said some questionable things to me such as 'I have a new mommy', and asking me questions such as 'Are you better yet?' I have spoken with both of my former case managers, Taylore Hartman, and Lisa Moser, about the placement, Flossie Alexander being a direct conflict of interest due to her being the reporting party and the mother of the subject of a Protection of Abuse order. It was brought up in the District Court by my former attorney, Desiree Smith, who informed the Courts that she appears to have a vetted interest in keeping the children away from their mother with zero results.

The Initials for the children listed above are: EC, NC, AF

*[Signature]* (Pro Se)

_____

_____

_____

V.  Do you claim the wrongs alleged in your complaint are continuing to occur at the present time? Yes [X]   No [ ]

VI.  Do you claim actual damages for the acts alleged in your complaint? Yes [X]   No [ ]

VII.  Do you claim punitive monetary damages?   Yes [X]   No [ ]

If you answered yes, state the amounts claimed and the reasons you claim you are entitled to recover money damages.

I am seeking five-million dollars in damages for the violation of my rights that are protected under The Constitution of the United States, The emotional damages caused by the alienation of my children, and financial compensatory damages for effecting my hire-ability and the defamation of my character by committing perjury in District Court.

_____

VIII. Administrative Procedures:

A. Have the claims which you make in this civil action been presented through any type of Administrative Procedure within any government agency?
Yes [X]   No [ ]

B. If you answered yes, give the date your claims were presented, how they were presented, and the result of that procedure:

On Feburary Seventeenth of twenty-twenty-two my former Attorney, Desire Smith tried to bring up the acts of perjury committed in District Court and was shut down by Nash Stewart the District Court Liaison.

C. If you answered no, give the reasons, if any, why the claims made in this action have not been presented through Administrative Procedures:

_____

_____

IX. Related Litigation:

Please mark the statement that pertains to this case:

[ ] This cause, or a substantially equivalent complaint, was previously filed in this court as case number _____ and assigned to the Honorable Judge _____.

[✓] Neither this cause, nor a substantially equivalent complaint, previously has been filed in this court, and therefore this case may be opened as an original proceeding.

*Lauryn Allen* (signature)
Signature of Plaintiff

Lauryn Allen
Name (Print or Type)

1424 E. Sunset Ct.
Address

5

Goddard    KS    67052
City       State    Zip Code

(580) 304-9470
Telephone Number

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates { [X] Wichita, [ ] Kansas City, or [ ] Topeka} , Kansas as the
(Select One)
location for the trial in this matter.

*Lauryn Allen*
Signature of Plaintiff

## REQUEST FOR TRIAL BY JURY

Plaintiff requests trial by jury { [ ] Yes or [X] No }
(Select One)

*Lauryn Allen*
Signature of Plaintiff

Dated: _____
(Rev. 10/15)

6

***Monell V. Department of Social services, 436 U.S. 658 (1978)**, Is an opinion given by the United States Supreme Court in which the court overruled Monroe v. Pape by holding that a local government is a "person" subject to suit under Section 1983 of Title 42 of the United States code: Civil action for Deprivation of rights.*

The Fundamental liberty interest of the natural parents in the care, custody, and management of their child is protected by the fourteenth amendment and does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the state. **Sandusky v. Kramer 455 U.S 745, 753 (1982).**

The right to conceive and raise one's children has been deemed essential. **Meyer V. Nebraska 262 U.S 390, 399 (1923).**

A parent's interest in the companionship, care, custody, and management of his or her children rises to a constitutionally secured right, given the centrality of family life as the focus for personal meaning and responsibility. **Stanley v. Illinois, 405 US 645, 651; 92 S. Ct.**

"A parent's right to care and companionship of his or her children are so fundamental, as to be guaranteed protection under the First, Ninth, and Fourteenth Amendments of the United States Constitution." **Parham v. J.R., 442 U.S 584, 604, 99 S. Ct. 2493. 61 L.Ed.2d 101 (1979).**

Parents have a fundamental constitutionally protected interest in continuity of legal bond with their children. **Matter of Delaney, 617 P 2d 886, Oklahoma (1980).**

Parent's interest in custody of her children is a liberty interest which has received considerable constitutional protection; a parent who is deprived of custody of his or her child, even though temporarily, suffers thereby grievous loss and such loss deserves extensive due process protection. **In the Interest of Cooper, 621 P 2d 437; 5 Kansas App Div 2d 584, (1980).**

The Due Process Clause of the Fourteenth Amendment requires that severance in the parent-child relationship caused by the state occur only with rigorous protections for individual liberty interests at stake. **Bell v. City of Milwaukee, 746 F 2d 1205; US Ct App 7th Cir WI, (1984).**

A parent's right to care and companionship of his or her children are so fundamental, as to be guaranteed protection under the First, Ninth, and Fourteenth Amendments of the United States Constitution. **In Re J.S. and C., 324 A 2d 90; supra 129 NJ Super, at 489.**

**Lauryn Elizabeth Allen (Pro Se Litigant)**

Lauryn.weller23@yahoo.com

(580)304-9470