IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LAURYN ELIZABETH ALLEN,**<br><br>      Plaintiff,<br><br>v.<br><br>**SAINT FRANCIS MINISTRIES, et al.,**<br><br>      Defendants. | Case No. 23-1166-DDC-GEB |

## MEMORANDUM AND ORDER

Pro se plaintiff Lauryn Allen sued defendants Kansas Department of Children and Families (KDCF) and Saint Francis Ministries (St. Francis) under 28 U.S.C. § 1343 for alienation of her three children.  The court construes plaintiff's claim as a § 1983 claim against defendants for violating her Fourteenth Amendment rights.  Both defendants have filed Motions to Dismiss (Doc. 8; Doc. 13).  KDCF argues that it's immune from suit under the Eleventh Amendment.  St. Francis argues that the court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and the *Rooker-Feldman* doctrine.  Doc. 13.  The court grants defendants' Motions to Dismiss for reasons explained below.

**I.      Background and Procedural History**

Plaintiff Lauryn Allen has three children in custody of defendant KDCF.  Doc. 9 at 3.  KDCF contracts with defendant St. Francis to help reintegrate children in state custody with their families.  *Id.*  In September 2022, Lisa Moser—plaintiff's former case manager—halted two of plaintiff's visitations with her children to conduct research on plaintiff's case.  Doc. 1 at 4 (Compl. ¶ 1).  Two weeks later, Ms. Moser told plaintiff that the visitations with her children

were suspended because plaintiff's children had elevated heart rates.  *Id.*  In November 2022, Ms. Moser told plaintiff that she had a substantiated case in the State of Oklahoma for physical and emotional abuse.  *Id.* (Compl. ¶ 2).  Plaintiff denied the charge accusing her of physical abuse.  *Id.*  She contacted the Oklahoma "DHS" and spoke with an employee there.  *Id.*  The employee confirmed that plaintiff had a case pending against her and that it was unsubstantiated.  *Id.*  In February 2022, plaintiff's former attorney, Desiree Brown, "attempted to bring up the alleged substantive case and was shut down by the court Liaison[.]"  *Id.*

From September 7, 2022, to May 17, 2023, plaintiff didn't see her children.  *Id.* (Compl. ¶ 1).  During that time, two of her children had surgery without plaintiff's consent or knowledge.  *Id.* (Compl. ¶ 3).  Plaintiff currently sees her children once each week during a 15-minute Zoom call.  *Id.* (Compl. ¶ 4).

On August 15, 2023, plaintiff sued KDCF and St. Francis under 28 U.S.C. § 1343 accusing them of alienating her children.  *Id.* at 3.  Plaintiff seeks $5 million in damages for violating her "rights that are protected under The Constitution of the United States," "emotional damage caused by the alienation of [her] children," reduced "hire-ability," and "defamation of [her] character by committing perjury in District Court."  *Id.* at 5.

KDCF filed a Motion to Dismiss (Doc. 8) asserting that plaintiff had failed to state a claim under Fed. R. Civ. P. 12(b)(6).  St. Francis filed a Motion to Dismiss (Doc. 13).  It too alleges plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6) and that the court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  The motions are fully briefed and thus ripe for review.

**II.     Legal Standard**

Defendants seek dismissal under two provisions of Rule 12—Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

The court begins by reciting the standard both defendants have invoked—Rule 12(b)(6). Under Rule 12(b)(6), a party may move to dismiss an action for failing "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive a Rule 12(b)(6) motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When considering a Rule 12(b)(6) motion to dismiss, the court must assume that the factual allegations in the complaint are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Id.* (quoting *Twombly*, 550 U.S. at 555). And, while this pleading standard doesn't require "'detailed factual allegations,'" it demands more than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, the Supreme Court has explained, simply "'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Defendant St. Francis also invokes Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), a defendant may move the court to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Federal district courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship. 28 U.S.C. §§ 1331–32. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of

the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018).

Because plaintiff appears pro se, the court construes her pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of her advocate. *Id.* Finally, plaintiff's pro se status does not excuse her from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

### III.     Analysis

The court applies these legal standards to defendants' Motions to Dismiss, starting with KDCF's Motion to Dismiss (Doc. 8) for failure to state a claim, including a sovereign immunity defense, then turning to St. Francis's Motion to Dismiss (Doc. 13) for failure to state a claim and for lack of jurisdiction. But first, the court resolves an issue common to both motions.

#### A.     Construing Plaintiff's Claim as a § 1983 Claim

Defendants assert that the Complaint fails to state a claim under Rule 12(b)(6) because it asserts no cause of action. According to defendants, plaintiff invokes 28 U.S.C. § 1343—a statute that merely confers subject matter jurisdiction over some claims—without alleging that defendants violated any Constitutional or federal law. *See Smith v. G & W Foods*, No. 20-CV-2517, 2021 WL 1546222, at *4 (D. Kan. Apr. 20, 2021) ("Section 1343 grants federal district courts jurisdiction to hear civil rights cases, but this statute does not specifically provide a cause of action."). Plaintiff checked the § 1343 box on her Complaint showing that she intended to invoke subject matter jurisdiction under that statute. Doc. 1 at 3. But the "Statement of the

4

Claim" section of the Complaint never explicitly alleges that defendants have violated her Constitutional rights. *See id.* at 3–4.

Plaintiff plainly references Constitutional rights in the damages section of plaintiff's Complaint and on an untitled page quoting various cases. *Id.* at 5, 8. The Complaint also discloses that plaintiff seeks damages "for the violation of [her] rights that are protected under The Constitution of the United States," and for "emotional damages caused by the alienation of [her] children[.]" Doc. 1 at 5. Plaintiff's Complaint also cites a variety of cases about parents' constitutional rights. *Id.* at 8 (first citing *Santosky v. Kramer*, 455 U.S. 745, 753–54 (1982) (holding that the Fourteenth Amendment protects a parent's liberty interest in care and custody of the parent's child); then citing *Stanley v. Illinois*, 405 U.S. 645, 651 (1972) (recognizing a parent's liberty interest in "the companionship, care, custody, and management of his or her children"); and then citing *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923) (recognizing a Fourteenth Amendment liberty interest in a parent's right to "bring up children")). Given these allegations and citations—though invoked within the Complaint in a disorderly fashion—the court thus construes plaintiff's Complaint as one asserting a § 1983 claim for violating her Fourteenth Amendment rights.[1]

### B. Claim Against Kansas Department of Children and Families

KDCF argues that the Complaint fails to state a claim because it alleges no facts connecting plaintiff's alleged injury to KDCF's actions. KDCF also asserts that the Eleventh

---

[1] The court's decision to construe the Complaint as bringing § 1983 claims for violating the Fourteenth Amendment doesn't prejudice defendants. Plaintiff's later filings confirm that she asserts § 1983 Fourteenth Amendment claims. *See* Doc. 9 at 2 ("The case pertains to 14th amendment interference with parent/child relationship lacking due process, . . . pursuant to . . . 42 U.S.C 1983."); Doc. 15 at 1–2 (citing § 1983 and noting that "[i]nterference with the Parent-child relationship is a fourteenth amendment violation and lacks substantive due process"). And defendants responded to that § 1983 argument in their Reply briefs. *See* Doc. 16; Doc. 17-1.

Amendment immunizes KDCF—an arm of the state—from plaintiff's § 1983 suit.  Because state sovereign immunity is a threshold jurisdictional issue, the court addresses it first.

The Eleventh Amendment grants immunity that "accord[s] states the respect owed them as joint sovereigns[,]" and this immunity "applies to any action brought against a state in federal court, including suits initiated by a state's own citizens." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) (citations omitted).  Eleventh Amendment immunity bars "unconsented suits in federal court against a state and arms of the state." *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009) (citation omitted).  The Amendment's "immunity extends to arms of the state and to state officials who are sued for damages in their official capacity." *Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, 561 F. App'x 661, 665 (10th Cir. 2014) (citing *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013)).  KDCF is an arm of the State of Kansas, so it's immune from suit in federal court.  *McCollum v. Kansas*, No. 14-cv-1049, 2014 WL 3341139, at *6 (D. Kan. July 8, 2014) ("DCF is the agency through which the state acts in all matters that relate to children who are found to be in need of care."), *aff'd*, 599 F. App'x 841 (10th Cir. 2015).  And plaintiff's Complaint here seeks damages.  Doc. 1 at 5.  Because KDCF enjoys Eleventh Amendment immunity, the court lacks jurisdiction over the claim asserted against KDCF.  Because the court lacks jurisdiction over the claim attacked by KDCF's Rule 12(b)(6) arguments, the court must decline to address KDCF's arguments on the merits of those claims.

The court thus grants KDCF's Motion to Dismiss (Doc. 8) and because the court lacks subject matter jurisdiction over defendant Kansas Department of Children and Families.  Next, the court addresses St. Francis's Motion to Dismiss (Doc. 13).

C.  **Claim Against Saint Francis Ministries**

Defendant St. Francis Ministries asks the court to dismiss plaintiff's claims because they fail to state a claim under Fed. R. Civ. P. 12(b)(6).  Also, St. Francis moves to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).  Because subject matter jurisdiction is a threshold issue, the court begins its analysis with the Rule 12(b)(1) arguments.

St. Francis argues that the court lacks subject matter jurisdiction because plaintiff's claim is barred by the *Rooker-Feldman* doctrine.  Doc. 14 at 7–15.  "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the [federal] district court proceedings commenced.'"  *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  This doctrine also encompasses claims alleging "injuries caused by state-court judgments[.]"  *Exxon Mobil*, 544 U.S. at 284.  *Rooker-Feldman* applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court."  *Lance*, 546 U.S. at 466.  To permit otherwise would contravene 28 U.S.C. § 1257, which confers jurisdiction to hear appeals from final state court judgments on the Supreme Court and the Supreme Court alone.  *Id.* at 463.  In sum, the *Rooker-Feldman* doctrine precludes lower federal courts "from exercising appellate jurisdiction over final state-court judgments."  *Id.*

The *Rooker-Feldman* doctrine bars "two categories of claims, those (1) actually decided by a state court; or (2) inextricably intertwined with a state court judgment."  *Pittsburg Cnty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 707 (10th Cir. 2004) (internal citations and quotation marks omitted).  "A federal claim is inextricably intertwined with a state-court judgment if that judgment caused, actually and proximately, the injury for which the

federal-court plaintiff seeks redress." *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006) (citation, internal quotation marks, and emphasis omitted).

Here, St. Francis engages the second *Rooker-Feldman* category.  St. Francis argues that plaintiff's "purported civil rights claims are 'inextricably intertwined' with the decisions in the underlying State court custody proceedings pertaining to Plaintiff's three minor children[.]" Doc. 14 at 13.  Also, it contends that "all three of Plaintiff's minor children . . . are currently under DCF/State custody in ongoing [Child in Need of Care] proceedings pending in the District Court of Sedgwick County, Kansas." *Id.*  St. Francis asks the court to take judicial notice of these ongoing State child custody proceedings pending in the Sedgwick County, Kansas court: 22JC242, 22JC243, and 22JC244.  The court properly can take judicial notice of these proceedings.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").[2]

The Complaint explicitly references these state court proceedings.  Plaintiff claims that Desiree Smith, her former attorney, "attempted to bring up the alleged substantiated [Oklahoma] case" in "the District Court" and "was shut down by the court Liaison[.]"  Doc. 1 at 4.  She alleges that Ms. Smith "informed the Courts that [the placement of plaintiff's children] appears

---

[2]     "In ruling on a motion to dismiss, a federal court may take judicial notice of another court's publicly filed records if they have a direct relation to matters at issue." *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 742 n.3 (10th Cir. 2023) (citing *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) (taking judicial notice of state court records and affirming district court's decision to dismiss for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine), *cert. denied*, 144 S. Ct. 79, (2023); *see also* Fed. R. Evid. 201 (allowing a court to "take judicial notice at any stage of the proceeding" of "a fact that is not subject to reasonable dispute").  "However, the documents may only be considered to show their contents, not to prove the truth of matters asserted therein." *Id.* (citation and internal quotation marks omitted).

to have a ve[s]ted interest in keeping the children away from their mother with zero results." *Id.* And plaintiff seeks damages for "the defamation of [her] character by committing perjury in District Court." *Id.* at 5. Plaintiff doubles the attack against the state court proceedings in her Response (Doc. 15). She claims that "Judge Patrick Walters"—a Judge of the Sedgwick County, Kansas court—issued a "ruling to continue permanency in December of 2022" and "a St. Francis Ministries case manager . . . willfully submitted a fabricated document that is impacting the case in a negative way." Doc. 15 at 2.

Plaintiff's claims repeatedly allude to ongoing state child custody proceedings pending in Sedgwick County state court. Plaintiff's injury—alienation from her children—is "inextricably linked" with the state court cases because the judgments in those cases determine plaintiff's custody over her children. Our court lacks jurisdiction to insert itself in the middle of these state court proceedings. *Exxon Mobil*, 544 U.S. at 280 ("Congress had empowered only [the Supreme] Court alone to exercise appellate authority to reverse or modify a state-court judgment." (citation and internal quotation marks omitted)). Because plaintiff's § 1983 claims challenge the final state court judgment or alleged injuries derived from that judgment, the *Rooker-Feldman* doctrine prohibits the court from hearing these claims. The court thus grants St. Francis's Motion to Dismiss.

In sum, the court grants St. Francis's Motion to Dismiss (Doc. 13) under Rule 12(b)(1) for lack of jurisdiction under the *Rooker-Feldman* doctrine.

**IV.    Conclusion**

The court construes plaintiff's claim as a § 1983 claim against defendants for violating her Fourteenth Amendment rights. It grants KDCF's Motion to Dismiss (Doc. 8) because KDCF enjoys Eleventh Amendment immunity from suit. And the court grants St. Francis's Motion to

Dismiss (Doc. 13) under Fed. R. Civ. P. 12(b)(1) because the court lacks jurisdiction to upset the pending state court proceedings "inextricably intertwined" with plaintiff's claims here.

Finally, St. Francis asks the court to dismiss plaintiff's claims with prejudice. A district court has discretion to decide whether to dismiss an action with or without prejudice. *Brown v. Baeke*, 413 F.3d 1121, 1123–24 (10th Cir. 2005). Here, the court exercises its discretion and dismisses plaintiff's Complaint without prejudice. Dismissal with prejudice unfairly could prejudice the pro se plaintiff should she later reassert her claims in a proper forum. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (reminding district courts to extend "to pro se plaintiffs an opportunity to remedy defects potentially attributable to their ignorance of federal law and motion . . . in a Fed. R. Civ. P. 12(b)(6) context") (citation and internal quotation marks omitted); *see also* 6 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1483 (3d ed. 2023) ("[I]f it is at all possible that the party against whom a dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.").

**IT IS THEREFORE ORDERED THAT** Kansas Department for Children and Families' Motion to Dismiss (Doc. 8) is granted. The court dismisses plaintiff's claims against Kansas Department for Children and Families without prejudice for lack of jurisdiction.

**IT IS FURTHER ORDERED THAT** Saint Francis Ministries' Motion to Dismiss (Doc. 13) is granted. The court dismisses plaintiff's claims against Saint Francis Ministries without prejudice.

**IT IS SO ORDERED.**

**Dated this 4th day of June, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**